# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------------X

ORHAN KARADENIZ,

                        Plaintiff,

            -against-

HOME DEPOT U.S.A., INC.,

                        Defendant.
-------------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates
WESTCHESTER County as
the place of trial.

The basis of venue is:
Location of occurrence

**To the above named Defendant:**

        **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, if the complaint is not served with this summons, to serve a notice of appearance on Plaintiff's attorneys within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        April 16, 2021

                                    Yours, etc.,
                                    **SWARTZ CULLETON FERRIS PLLC**


                                    /s/ *Brett Zuckerman*
                                    By: BRETT E. ZUCKERMAN, Esq.
                                    *Attorneys for Plaintiff*
                                    ORHAN KARADENIZ
                                    315 West 36th Street, 2nd Floor
                                    New York, New York 10018
                                    Phone: (212) 852-6070
                                    Fax: (646) 860-9183
                                    Email: bzuckerman@scflawoffice.com
                                    File No.: SCF-153


TO:     HOME DEPOT U.S.A., INC.
        C/O CORPORATION SERVICE COMPANY
        80 STATE STREET
        ALBANY, NEW YORK, 12207-2543
        **Via Secretary of State**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------------X
ORHAN KARADENIZ,

                Plaintiff,

          -against-                                  **VERIFIED COMPLAINT**

HOME DEPOT U.S.A., INC.,

                Defendant.
------------------------------------------------------------------------X

      Plaintiff, ORHAN KARADENIZ ("Plaintiff"), by his attorneys, SWARTZ CULLETON

FERRIS PLLC, as and for a cause of action alleges upon information and belief as follows:

      1.     At all the times herein mentioned, Plaintiff was and still is a resident of the County of

Westchester, City of Yonkers and State of New York.

      2.     That on October 14, 2020, and at all times hereinafter mentioned, defendant, **HOME**

**DEPOT U.S.A., INC.**, was and is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New York.

      3.     That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME**

**DEPOT U.S.A., INC.**, was and is a business entity duly organized and existing under and by virtue

of the laws of the State of Delaware.

      4.     That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME**

**DEPOT U.S.A., INC.**, was and is a business entity duly organized and existing under and by virtue

of the laws of the State of New York.

      5.     That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME**

**DEPOT U.S.A., INC.**, was and is a corporation and/or business entity duly licensed to transact

business in the State of New York.

      6.     That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME**

**DEPOT U.S.A., INC.,** conducted business and maintained offices within the State of New York.

7.      That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.,** was and still is a foreign business corporation, duly authorized to do business in the State of New York.

8.      That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.,** maintained its corporate headquarters in Atlanta, Georgia.

9.      That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.,** maintained its principal place of business in the State of New York.

10.      That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.,** committed a tortious act within the State of New York.

11.      That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.,** regularly does, or solicits, business in the State of New York.

12.      That on October 14, 2020, and at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.,** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

13.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, there existed a Home Depot upon the premises located at 601 South Sprain Road, in the County of Westchester, City of Yonkers and State of New York.

14.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, the Home Depot Store located upon the premises 601 South Sprain Road, in the County of Westchester, City of Yonkers and State of New York was also known as Store #1248.

15.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, #1248 was and still is a retail store located upon the premises 601 South Sprain

Road, in the County of Westchester, City of Yonkers and State of New York.

16.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** owned the aforesaid premises.

17.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** managed the aforesaid premises.

18.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** maintained the aforesaid premises.

19.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** operated the aforesaid premises.

20.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** controlled the aforesaid premises.

21.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** supervised the aforesaid premises.

22.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** inspected the aforesaid premises.

23.      That on October 14, 2020, and at all times hereinafter mentioned, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** owned, managed, maintained, operated, controlled, supervised and inspected the aforesaid premises.

24.      That on or about October 14, 2020, Defendant, **HOME DEPOT U.S.A., INC.,** leased the aforesaid premises.

25.      That on or about October 14, 2020, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.,** was a sublessor of the aforesaid premises.

26.     That on or about October 14, 2020, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was a sublessee of the aforesaid premises.

27.     That on or about October 14, 2020, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was an assignor of a lease at the aforesaid premises.

28.     That on or about October 14, 2020, and upon information and belief, Defendant, **HOME DEPOT U.S.A., INC.**, was an assignee of a lease at the aforesaid premises.

29.     That on October 14, 2020, Plaintiff was a patron at the aforesaid premises.

30.     That on October 14, 2020, Plaintiff was a patron at the aforesaid premises owned, managed, maintained, operated, controlled, supervised and inspected by Defendant **HOME DEPOT U.S.A., INC.**

31.     That on October 14, 2020, and at all times hereinafter mentioned, Plaintiff was lawfully inside the aforementioned premises known as Home Depot Store #1248.

32.     That on October 14, 2020, and at all times hereinafter mentioned, Plaintiff was lawfully present inside the aforesaid premises with the knowledge, permission and consent of Defendant **HOME DEPOT U.S.A., INC.**

33.     That on October 14, 2020, while Plaintiff was lawfully inside the aforesaid premises, he was caused to be injured when he was caused to trip and fall due to a dangerous condition.

34.     The above mentioned occurrence and the results thereof were caused by the negligence of Defendant and/or Defendant's servants, agents, employees and/or licensees in the operation, management, maintenance, control, supervision and inspection of the aforesaid premises; in causing, allowing and permitting said premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in causing, allowing and

permitting a tripping hazard to exist at the aforesaid premises; in causing, allowing and permitting a tripping hazard to be left unattended at the aforesaid premises; in causing, allowing and permitting a dangerous condition to be left unattended without a warning sign at the aforesaid premises; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said location; in causing, allowing and permitting an obstruction in the aisle(s) at said location; in failing to provide Plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give Plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to Plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

35.    The aforesaid accident and the injuries resulting therefrom were due solely and wholly to the careless, reckless and negligent manner in which Defendant owned, managed, maintained, controlled, operated, supervised and inspected the aforesaid premises.

36.    Defendant was negligent, reckless and careless in that they violated their duties to persons lawfully on the aforesaid premises and to this Plaintiff in particular, in knowingly, permitting, suffering and allowing the aforesaid premises to be, become and remain in an unsafe and dangerous condition; and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

37.    That no negligence on the part of Plaintiff contributed to the occurrence alleged herein

in any manner whatsoever.

38.     That because of the above stated negligence, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries Plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

39.     This action falls within one or more of the exceptions set forth in CPLR 1602.

40.     That as a result of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

41.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "40", as if the same were fully herein after set forth at length.

42.     That Defendant's conduct as earlier described was negligent and careless in *inter alia*:

a.     Failing to take proper precautions for the safety and wellbeing of Plaintiff;

b.     That the defendant was negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, vendors, etc.;

c.     Failing to adopt appropriate procedures for the protection of its invitees/patrons/guests, including Plaintiff;

d.     Negligence at law.

43.     That the defendant should have known that its failure in such regards would cause harm.

44.     This action falls within one or more of the exceptions set forth in CPLR 1602.

45.      That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, ORHAN KARADENIZ, demands judgment against Defendant HOME DEPOT U.S.A., INC. for the First Cause of Action, in excess of the jurisdictional amounts of the lower Courts, and Defendant HOME DEPOT U.S.A., INC. for the Second Cause of Action, in excess of the jurisdictional amounts of the lower Courts together with the costs and disbursements of this action.

Dated: New York, New York
        April 16, 2021

Yours, etc.,
**SWARTZ CULLETON FERRIS PLLC**

/s/ *Brett Zuckerman*

By: Brett E. Zuckerman, Esq.
    *Attorneys for Plaintiff*
    ORHAN KARADENIZ
    315 West 36th Street, 2nd Floor
    New York, New York 10018
    (212) 852-6070
    bzuckerman@scflawoffice.com
    File No.: SCF-153

Case 7:22-cv-00195-NSR   Document 1-1   Filed 01/10/22   Page 10 of 11

## ATTORNEY'S VERIFICATION

I, Brett E. Zuckerman, Esq., an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalty of perjury:

That I am associated with the firm SWARTZ CULLETON FERRIS PLLC, the attorneys for Plaintiff in the within action and as such, I am fully familiar with the facts and circumstances surrounding this matter based upon my review of the contents of the file maintained by this office.

That I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief; and, as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by Plaintiff is that Plaintiff does not reside within the county in which my office is maintained.

That the grounds for your affirmant's belief as to all matters not stated upon my own knowledge are as follows: facts, investigations, reports, records, and documents contained in Plaintiff's file maintained by your affirmant's office.

Dated: New York, New York
      April 16, 2021

/s/ *Brett Zuckerman*
Brett E. Zuckerman, Esq.

**Index No.:**
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

**ORHAN KARADENIZ,**

            **Plaintiff,**

        **-against-**

**HOME DEPOT U.S.A., INC.,**

          **Defendant.**

**SUMMONS AND VERIFIED COMPLAINT**

**SWARTZ CULLETON FERRIS PLLC**
*Attorneys for Plaintiff*
**315 West 36th Street, 2nd Floor**
**New York, New York 10018**
**Phone: (212) 852-6070**
**Fax: (646) 860-9183**
**Email: bzuckerman@scflawoffice.com**